his redetermination to the court within 120 days of the entry of this order.

BAR BEA TRUCK LEASING CO., INC., PLAINTIFF, v. UNITED STATES OF AMERICA, ET AL.

Court No. 82-4-00582-S

Before NEWMAN, *Judge.*

(Decided March 28, 1983)

*Fredric J. Gross, Esq.,* on the brief for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*John J. Mahon,* Assistant Branch Director, and *Saul Davis, Esq.* on the brief), for the defendants.

NEWMAN, *Judge.*

## Introduction

The procedural history of the within action has presented this Court with a maze of motions and cross-motions, which have culminated in the present matter before us.

Plaintiff, Bar Bea Truck Leasing Co., Inc., seeks judicial review of the denial of its application for a customhouse cartage license (CCL) by the United States Customs Service Area Director at Newark, New Jersey. Presently before the Court for determination is plaintiff's motion for a judgment "declaring its entitlement to a customhouse cartman's license", or alternatively, for leave to take depositions of the Area Director and a Customs agent, previously noticed by plaintiff. Defendants have filed a cross-motion for judgment in their favor dismissing the action.

Subject matter jurisdiction over this action is predicated upon the residual provisions of 28 U.S.C. § 1581(i). See 4 CIT 104 (1982); 4 CIT 138 (1982); and 4 CIT 159 (1982).

For the reasons that follow, I have concluded that the determination of the Customs Service at Newark denying plaintiff's application must be affirmed.

## Background

Attention is directed to the opinions and orders reported at 4 CIT 70 (1982), *cross-appeals pending*, and 4 CIT 104 (1982) for the highly complex factual background of this litigation.

Briefly, the genesis of the present proceedings is an amendment of plaintiff's fourth cause of action in Court No. 82-4-00582, con-

testing the denial of plaintiff's license application by Customs on June 29, 1982. That new cause of action was severed for separate proceedings in the order of August 11, 1982 (4 CIT 70).

On August 2, 1982 plaintiff served a notice to depose the Area Director and a Customs agent at Newark. In response, defendants moved to dismiss, challenging the Court's jurisdiction over the subject matter of this action; and also applied for a protective order raising an issue relative to the scope and standard of review (assuming that the Court possessed subject matter jurisdiction). In the order of September 8, 1982 (4 CIT 104) defendants' motion to dismiss on jurisdictional grounds was denied, citing *DiJub Leasing Corp.* v. *United States*, 1 CIT 42, 505 F. Supp. 1113 (1980) as dispositive.[1]

With respect to the issue raised by defendants concerning the scope and standard of review applicable in this action, I heretofore concluded that review should be on the administrative record; and that the denial of plaintiff's license application should be set aside only in the event that the Court should determine that such denial was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", as provided in 5 U.S.C. § 706(2)(A). In view of the foregoing conclusion respecting the applicable scope and standard of review under 5 U.S.C. § 706, I granted defendants' motion for a protective order and vacated plaintiff's notice of depositions. Additionally, the case was remanded to the Area Director, granting plaintiff leave to submit affidavits or other evidence for reconsideration of plaintiff's application. 4 CIT 159 (1982). Although on remand plaintiff failed to adhere to the time schedule in the order of October 15, 1982, thereafter plaintiff was granted an extension of time within which to submit documentation to the Area Director, and the action was again remanded for reconsideration of plaintiff's application. 4 CIT 273 (1982).

On January 24, 1983 the Area Director notified plaintiff by letter that upon reconsideration of the entire administrative record, including all documents submitted by plaintiff, the application was again denied. With regard to the reasons for denial, the Area Director's January 24, 1983 letter to plaintiff stated:

> In my letter dated June 29, 1982 I advised you that your application was denied for two reasons: Firstly, the financial instability of the corporation, evidenced by a lawsuit instituted against you by the Small Business Administration, by outstanding federal tax liabilities and debts due the State of New Jersey. Your latest correspondence does not prove these matters have been resolved or how these obligations fit into your overall financial status.

---

[1] After filing the motion for a protective order, defendants renewed their motion to dismiss, urging for the first time that judicial review in this case was precluded by virtue of 5 U.S.C. § 701(a)(2) on the basis that the granting or denial of an application for a cartage license under the Customs regulations is "agency action * * * committed to agency discretion by law." Defendants' motion also sought dismissal on the ground that plaintiff has failed to state a cause of action upon which relief can be granted. Defendants' motion to dismiss on those grounds was denied in 4 CIT 138 (1982).

Secondly, your use of a license No. 1777 issued to another bonded cartman. You have failed to address this problem, except briefly in Mr. Gross' letter of January 12, 1983. Therefore, based on the record before me I believe that you acted without authority and unilaterally expropriated license No. 1777 for your own use.

This latter matter alone gives me reason to deny your application, pursuant to the provisions of 19 C.F.R. 112.24 because I am dissatisfied as to the character of the applicant.

## Opinion

Plaintiff's renewed request for leave to take depositions may be summarily disposed of. As noted in my opinion and order of October 15, 1982 (4 CIT 159), the scope of review in this action is on the administrative record, and I adhere to my previous finding that "there has been no showing of bad faith or improper conduct on the part of the Customs officials plaintiff seeks to depose". Again, plaintiff has presented no affidavit or other evidence in support of its counsel's bald assertion of personal and institutional bias by the Area Director and other Customs Service officials. Consequently, the prior ruling on the scope of review and denial of plaintiff's request for leave to take depositions must stand as the law of the case.

In any event, I have no doubts concerning the factual basis for the grounds asserted by the Area Director for denying plaintiff's application. As noted *supra,* the Area Director expressed dissatisfaction "as to the character of the applicant" for two reasons:

(1) plaintiff's financial instability, and

(2) plaintiff's unauthorized use of CHL No. 1777 issued to another bonded cartman. Significantly, the Area Director posited that the second ground alone (unauthorized use of another cartman's license) was a valid reason for denial of plaintiff's application.

The sole issue is whether the decision of the Area Director, as expressed in his letter to plaintiff of January 24, 1983, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(2)(A); 4 CIT 159 (1982). In connection with that standard of review, the Supreme Court observed in *Citizens to Preserve Overton Park* v. *Volpe,* 401 U.S. 402, 416 (1971):

> Section 706(2)(A) requires a finding that the actual choice made was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" * * * To make this finding the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. * * * Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.

See also *Bowman Transportation, Inc.* v. *Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 285–286 (1974).

Following the Supreme Court's teaching, I have carefully considered whether the Area Director's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. While neither the pertinent statutes nor regulations specifically spell out all the "relevant factors", dissatisfaction with the character of an applicant for a customhouse cartman's license is clearly a predicate for the denial of an application. 19 C.F.R. § 112.24.

Respecting the first ground mentioned by the Area Director for rejecting plaintiff's application (financial instability), the record leaves no doubt concerning plaintiff's history of financial irresponsibility, particularly vis-a-vis plaintiff's defaults in the payment of its federal and state tax liabilities. And as to the second ground relied upon by Customs—the use by plaintiff of CHL No. 1777 issued to another bonded cartman—such use plainly constituted a violation of 19 CFR § 112.30(a)(6), which provision specifically prohibits the use of a cartman's license by anyone other than the holder of that license. In deed, plaintiff's intentional disregard of the Customs Regulations serves to reflect negatively upon plaintiff's character, and I fully agree with the Area Director that such ground, standing alone, warranted rejection of plaintiff's application. The short of the matter is: I find that the decision of the Area Director was based upon a consideration of relevant factors and that there has been no clear error of judgment. It is emphasized here that the Court is not empowered to substitute its judgment for that of the agency, as held in *Overton Park, supra.* Accordingly, there is no basis in the administrative record or the present proceedings for a finding that the Area Director's decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, as claimed by plaintiff.

For the foregoing reasons, it is hereby ordered that the decision of the Customs Service is affirmed, and this action is dismissed.